1 | LEONIDOU & ROSIN
Professional Corporation
2 | Janette G. Leonidou (No. 155257)
Roger F. Liu (No. 218345)
3 | 777 Cuesta Drive, Suite 200
Mountain View, CA  94040
4 | Telephone: (650) 691-2888
5 | jleonidou@alr-law.com
rliu@alr-law.com
6 |
7 | Attorneys for Counter-Defendant/
Counter-Claimant C.E. Toland & Son
8 |
9 | IN THE UNITED STATES DISTRICT COURT
10 | NORTHERN DISTRICT OF CALIFORNIA
11 |

| | |
|---|---|
| TECNOGLASS, S.A., a Colombian Corporation. | Case No.: C-13-01031 JST |
| Plaintiff, | **STIPULATION AND ORDER FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE** |
| vs. | **[F.R.C.P. 41(a)(1)(A)(ii)]** |
| MOOS DISTRIBUTION, INC., dba SADEV USA, a Iowa corporation, WEBCOR CONSTRUCTION, LP dba Webcor Builders, a California limited partnership, SAFECO INSURANCE COMPANY OF AMERICA, a New Hampshire corporation, CITY & COUNTY OF SAN FRANCISCO, PUBLIC UTILITY COMMISSION; THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania corporation, | |
| Defendants. | |
| MOOS DISTRIBUTION, INC., dba SADEV USA, a Iowa corporation, | |
| Counter-claimant, | |
| vs. | |
| C.E. TOLAND & SON, a California corporation, WEBCOR CONSTRUCTION, | |

1

LP dba Webcor Builders, a California limited )
partnership, TECNOGLASS, S.A. a )
Colombian Corporation, SAFECO )
INSURANCE COMPANY OF AMERICA, a )
New Hampshire corporation, THE )
INSURANCE COMPANY OF THE STATE )
OF PENNSYLVANIA, a Pennsylvania )
corporation. )

            Counter-defendants. )

C.E. TOLAND & SON, a California )
corporation, )

            Counter-claimant, )

    vs. )

MOOS DISTRIBUTION, INC., dba SADEV )
USA, a purported Iowa corporation; MOES 1 )
through 10. )

            Counter-defendants. )

## RECITALS

       Plaintiff Tecnoglass, S.A. ("Tecnoglass"), Defendant/Counter-Claimant Moos Distributing, Inc. d/b/a Sadev USA ("Sadev"), Counter-Defendant and Counter-Claimant C.E. Toland & Son ("Toland"), Defendants and Counter-Defendants Webcor Construction, LP d/b/a Webcor Builders ("Webcor"), Safeco Insurance Company of America ("Safeco"), Insurance Company of the State of Pennsylvania ("ICSP"), and Defendant Fidelity and Deposit Company of Maryland ("Fidelity"), by and through their counsel of record, hereby stipulate as follows:

       **Whereas**, the parties completed mediation on November 21, 2013, whereby a settlement of the entire case was reached;

       **Whereas**, the parties have executed a formal written settlement agreement;

       **Whereas**, by the terms of the settlement agreement, the parties hereby agree to dismiss the entire action with prejudice, including all counter-claims asserted therein; and

       **Whereas**, by the terms of the settlement agreement, the parties agree that this Court shall

2

STIPULATION AND ORDER FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE
[F.R.C.P. 41(a)(1)(A)(ii)]

S:\ALRDOCS\30528\2\00156808.DOC

1  retain jurisdiction following its dismissal for the sole purpose of enforcing the parties'

2  settlement.

3       Accordingly, and based on the foregoing recitals, Tecnoglass, Sadev, Toland, Webcor,

4  Safeco, ICSP, and Fidelity hereby stipulate as follows pursuant to Federal Rules of Civil

5  Procedure §41(a)(1)(A)(ii):

6  **STIPULATION**

7      1.    The based upon the foregoing recitals and settlement agreement executed by the

8          parties, this entire action, including all counter-claims, shall be dismissed with

9          prejudice.

10      2.    Each party is to bear its own fees and costs.

11      3.    The Court shall retain jurisdiction following dismissal for the sole purpose of

12          enforcing the parties' settlement.

13

14  Dated: 2/25/2014             By: /s/ DOUGLAS N. AKAY

15                              Attorneys for Counter-Defendant,
MOOS DISTRIBUTION, INC., dba SADEV
USA

16

17  Dated: 2/25/2014             By: /s/ MICHAEL P. CONNOLLY

18                              Attorneys for Defendants/Counter-Defendants
WEBCOR CONSTRUCTION LP, dba

19                              WEBCOR BUILDERS, SAFECO INSURANCE
COMPANY OF AMERICA, THE INSURANCE

20                              COMPANY OF THE STATE OF
PENNSYLVANIA and FIDELITY AND

21                              DEPOSIT COMPANY OF MARYLAND

22

23  Dated: 2/25/2014             By: /s/ ROGER F. LIU

24                              Attorney for Counter-Defendant/Counter-
Claimant C.E. TOLAND & SON

25  Dated: 2/25/2014             By:

26                              Joe R. Abramson
Attorney for Plaintiff TECNOGLASS, S.A.

27

28

3

STIPULATION AND ORDER FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE
[F.R.C.P. 41(a)(1)(A)(ii)]
C:\Users\Admin\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\WYXA3UIC\Stipulation of Dismissal of Entire
Action (2-21-14- RFL) (00156808).doc

## ORDER

The Court, having reviewed and considered the above Stipulation of the parties, and for good cause appearing, hereby orders as follows:

1. That this action entitled *Tecnoglass, S.A. v. Moos Distribution, Inc. d/b/a SADEV USA, et al.*, Case No. C-13-01031 JST, including the counter-claims filed therein by Moos Distribution, Inc. d/b/a SADEV USA and C.E. Toland & Son, is dismissed in their entirety with prejudice pursuant to Federal Rules of Civil Procedure, Rule 41(a)(1)(A)(ii).

2. Each party is to bear its own fees and costs.

3. The Clerk shall close the file.

4. The Court shall retain jurisdiction following dismissal for the sole purpose of enforcing the parties' settlement agreement, a copy of which is attached as <u>Exhibit A</u> to this Order.

**IT IS SO ORDERED**

Dated: _____February 28_____, 2014



IT IS SO ORDERED

Judge Jon S. Tigar

4

---

STIPULATION AND ORDER FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE
[F.R.C.P. 41(a)(1)(A)(ii)]

**EXHIBIT A**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is dated the 21st day of November, 2013, and entered into by and between C.E. Toland & Son ("Toland"), Webcor Construction, LP d/b/a Webcor Builders ("Webcor"), Tecnoglass S.A. ("Tecnoglass"),   Moos Distribution, Inc. d/b/a Sadev USA ("Sadev"), Fidelity and Deposit Company of Maryland ("Fidelity"), and Safeco Insurance Company of America ("Safeco") and Insurance Company of the State of Pennsylvania ("ICSP") (Fidelity, Safeco and ICSP are collectively referred to as "Sureties").  The parties are referred to herein individually as "Party" or collectively as "Parties."

## RECITALS

1.    **WHEREAS,** Toland entered into a written subcontract agreement with Webcor (the "Subcontract"), which provided that Toland would furnish certain labor and materials for a work of  improvement owned by the San Francisco Public Utilities Commission ("SFPUC") and known as the "SFPUC Administration Building," located at San Francisco, California (the "Project").

2.    **WHEREAS,** Toland entered into a purchase order with Sadev, which provided that Sadev would furnish and supply certain fabricated glass for installation by Toland on the Project ("Toland/Sadev Purchase Order").

3.    **WHEREAS,** Sadev entered into a purchase order with Tecnoglass, whereby Tecnoglass sold the glass materials to Sadev for the Project ("Sadev/Tecnoglass Purchase Order").

4.    **WHEREAS,** Safeco and ICSP jointly issued a payment bond on the Project, bond no. 6563618/29-06-26, later amended to bond no. 6563618/29-06-29 ("Bond").

5.    **WHEREAS,** Fidelity issued a Release of Stop Notice Bond, policy no. 09108404 ("Release Bond"), in relation to a Stop Notice filed by Tecnoglass.

6.    **WHEREAS,** the Parties have certain claims or potential claims between them, including without limitation: (a) Tecnoglass has asserted payment claims against Sadev, Webcor,  and the Sureties for the glass materials furnished to Sadev for the Project (the "Tecnoglass Claims"); (b) Sadev has asserted payment claims against Toland, Webcor, Safeco and ICSP for the fabricated glass furnished to Toland for the Project, and Sadev has asserted damages and offsets against Tecnoglass arising from the glass materials furnished by Tecnoglass to Sadev for the Project (the "Sadev Claims"); (c) Toland has asserted damages and offsets against Sadev related to the fabricated glass furnished for the Project (the "Toland Claim"); and (d) Webcor has asserted backcharges against Toland related to the fabricated glass installed on the Project (the "Webcor

1

Claim") and has withheld contract balances from Toland owed on the Project ("Toland's Contract Balance").

7.      **WHEREAS,** Tecnoglass filed an action entitled *Tecnoglass, S.A. v. Moos Distributing, Inc. d/b/a Sadev USA, et al.,* Case No. C-13-01031 JST, which is pending in the United States District Court Northern District of California to enforce the Tecnoglass Claims (the "Tecnoglass Action").

8.      **WHEREAS,** Sadev filed a counter-claim for damages to enforce the Sadev Claims (the "Sadev Counter-Claim") and Toland filed a counter-claim to enforce the Toland Claim (the "Toland Counter-Claim") in the Tecnoglass Action.  Within the lawsuit, Webcor and the Sureties have asserted defenses and offsets based on the Webcor Claim.

9.      **WHEREAS,** on November 21, 2013, the Parties completed mediation with JAMS, and in order to avoid the costs of litigation and to resolve the disputes and issues recited above, the Parties hereby agree that this matter is settled pursuant to the following terms, covenants and conditions.

## AGREEMENT

**NOW, THEREFORE,** the Parties hereto agree as follows:

1.      Terms:  In full and complete satisfaction of the claims and disputes in this matter, the Parties agree to the following payments and procedures for payment:

(a) Payment to Tecnoglass: Tecnoglass shall be paid the sum of $80,000.00 ("Tecnoglass Settlement Amount").  As a condition to payment of the Tecnoglass Settlement Amount, Tecnoglass shall furnish to Toland: (i) a duly executed conditional waiver and release upon final payment with no amount reserved for dispute in conformity with Civil Code section 8136 for the Project; and (ii) a duly executed complete release of stop notice on the Project. The Tecnoglass Settlement Amount will be paid within fifteen (15) days from the date of execution of this Agreement by all Parties and receipt by Toland's counsel of Tecnoglass' conditional waiver and release upon final payment and complete release of stop notice. The Tecnoglass Settlement Amount will be paid through a check from Toland made payable to "Emalfarb Swan & Bain." Thereafter, within five (5) days of clearance of the funds constituting the Tecnoglass Settlement Amount, Tecnoglass shall dismiss the Tecnoglass Action with prejudice and provide to Toland's counsel a duly executed unconditional waiver and release upon final payment with no amount reserved for dispute in conformity with Civil Code section 8138 for the Project.

(b) Payment to Sadev:  Sadev shall be paid the sum of $40,000.00 ("Sadev Settlement Amount").  As a condition to payment of the Sadev Settlement Amount, Sadev shall furnish to Toland a duly executed conditional waiver and

2

release upon final payment with no amount reserved for dispute in conformity with Civil Code section 8136. The Sadev Settlement Amount will be paid within fifteen (15) days from the date of execution of this Agreement by all Parties and receipt by Toland's counsel of Sadev's conditional waiver and release upon final payment. The Sadev Settlement Amount will be paid through a check from Toland made payable to "Moos Distribution, Inc. d/b/a Sadev USA." Thereafter, within five (5) days of clearance of the funds constituting the Sadev Settlement Amount, Sadev shall dismiss the Sadev Counter-Claim with prejudice and provide to Toland's counsel a duly executed unconditional waiver and release upon final payment with no amount reserved for dispute in conformity with Civil Code section 8138 for the Project.

(c) <u>Payment to Toland</u>: Toland shall be paid the sum of $131,569.18 less the amount of the invoices for the services of Webcor's counsel from December 1, 2013 through the date of the execution of this Agreement ("Toland Settlement Amount"). Webcor's counsel shall provide Toland's counsel said invoices within one business day of the execution of this Agreement. As a condition to Webcor's payment of the Toland Settlement Amount, Toland shall furnish to Webcor: (i) a duly executed conditional waiver and release upon final payment with no amount reserved for dispute in conformity with Civil Code section 8136 for the Project; (ii) a Completed Form 7: HRC Progress Payment Form submitted to and approved by the City of San Francisco's Contract Monitoring Division reflecting Toland's final contract value and the allocation of that contract value to its second tier subcontractors; and (iii) a Completed Form 8: HRC Exit Report and Affidavit submitted to and approved by the City of San Francisco's Contract Monitoring Division showing all Local Business Enterprises doing business as second tier subcontractors for Toland. The Toland Settlement Amount will be paid to Toland within ten (10) business days from the date all conditions of payment described above are satisfied. Payment will be issued through a check from Webcor made payable to "C.E. Toland & Son" as full and complete payment of Toland's Contract Balance. Thereafter, within five (5) days of clearance of the funds constituting the Toland Settlement Amount, Toland shall provide to Webcor a duly executed unconditional waiver and release upon final payment with no amount reserved for dispute in conformity with Civil Code section 8138 for the Project. Toland shall dismiss the Toland Counter-Claim with prejudice within three (3) days following the filing of Sadev's dismissal of the Sadev Counter-Claim and Tecnoglass' dismissal of the Tecnoglass Action, as provided above in subsections (a) and (b) above. Toland will sign over and forward to its counsel any check that is jointly payable to C.E. Toland and Bowles & Verna, LLP within five (5) business days of receipt of said check(s) from Webcor. Toland's counsel will thereafter forward said check(s) to Bowles & Verna, LLP within five (5) business days of receipt from Toland. In the event, however, that Toland has paid the Bowles & Verna invoices in full other than via the joint checks described herein, then Webcor shall void any joint check representing amounts already received by Bowles & Verna

3

and/or send to Toland a direct check for the amount of any such payment in excess of Toland's indemnity obligation within ten (10) business days of request.

2.    Costs and Fees:  Each Party hereto shall bear its own costs, including attorney's fees, except as otherwise provided herein.

3.    Mutual Releases:  Except for the obligations and terms set forth in this Agreement, Tecnoglass, Sadev, Toland and Webcor, including their former and present corporate affiliates, partners, predecessors, successors, officers, directors, board members, shareholders, assigns, individual members, employees, attorneys, agents, consultants, and representatives will forever discharge and release each other, including their respective former and present corporate affiliates, partners, predecessors, successors, officers, board members, directors, shareholders, assigns, employees, ex-employees, former and present attorneys, agents, consultants, sureties (including but not limited to Safeco, ICSP and Fidelity), insurance carriers, subcontractors, suppliers, and/or representatives, from any and all claims, demands, expenses, actions, torts, obligations, duties, damages, liabilities and causes of action of any nature asserted or could have been asserted, whether or not now known, anticipated, suspected, claimed or could have been claimed, whether contractual, equitable or of any other nature, arising out of, or in any way connected with the Subcontract, Toland/Sadev Purchase Order, Sadev/Tecnoglass Purchase Order, the Tecnoglass Claims, the Sadev Claims, the Toland Claim, the Webcor Claim, the Tecnoglass Action, the Sadev Counter-Claim, the Toland Counter-Claim and the Project, including any claims against the Bond issued by Safeco and ICSP and the Release Bond issued by Fidelity.

Notwithstanding the foregoing, nothing contained in this Agreement shall release the Parties from the following:

(a)    Any claims or defenses arising from "latent deficiencies," as defined in California Code of Civil Procedure §337.15(b), in the work or materials which are the subject of this Agreement;

(b)    Any indemnity obligations which arise out of a future claim brought by a third-party;

(c)    Toland's ongoing contractual obligations under the Subcontract, including but not limited to Toland's indemnity obligations to Webcor arising out of the claims asserted in relation to the Tecnoglass Action, Sadev Counter-Claim and Toland Counter-Claim; and

(d)    Any warranties in connection with the Project.

4.    Section 1542 Waiver:  As to the releases provided in Section 3, above, and excluding the rights expressly preserved under Section 3(a) through (d), the Parties recognize that they may not now fully know the number and magnitude of all claims they now have or in the future may have against the other Parties, but nevertheless, intends to assume the risk that they are releasing such unknown claims. The Parties agree that this

4

Agreement is a full and final release of all such claims and as a further consideration and inducement for this settlement, agree to waive the provisions of California Civil Code Section 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Except for the rights and defenses preserved above in Section 3 (a) through 3(c), the Parties acknowledge that a material part of this Agreement is the deliberate extinguishing of any claims, which currently are unknown or which may not yet exist, so that there is no possibility of future claims among these Parties.

5.     Covenant Not to Sue:  Except as to the rights preserved under Section 3(a) through (c), each Party hereby covenants and agrees never to commence, prosecute or cause, permit or advise to be commenced or prosecuted against any Party herein released, any action in any form at law or equity, or other proceedings, based upon any of the claims released herein.   If such prohibited action or proceeding is instituted, this Agreement may be pleaded as a full and complete defense thereto.

6.     Authority:  Each person executing this Agreement represents and warrants that they are duly authorized to execute this Agreement on behalf of and bind the Party they purport to represent. The Parties to this Settlement Agreement and Mutual Release each warrant that they have not made any assignment of any claims or causes of action that they have or may have in the future against any other Party hereto, and further agree to defend, indemnify and hold harmless those Parties hereto from all costs, loss, damages or liability incurred or imposed by reason of any person or entity claiming to have an interest in any claim they have released herein.

7.     Agreement Entered Into on Advice of Legal Counsel:  This Agreement is entered into freely and voluntarily.   The Parties acknowledge that they have been represented by counsel of their choice in the negotiations that preceded the execution of this Agreement, and in connection with the preparation and execution of this Agreement. Each Party hereto has executed this Agreement with full knowledge of its significance and with the express intention of affecting its legal consequence.  None of the Parties hereto have relied upon any representation of any other Party in signing this Agreement.

8.     For Settlement Only:  The Parties have entered into this Settlement Agreement and Release solely in settlement of a contested matter.  Nothing in this Agreement shall be construed as an admission by any Party of any claims, demands, or liabilities against the other. Neither this Agreement, nor any term of it shall be offered or received into evidence as an admission of wrongdoing by any of the Parties hereto including in the event that the Agreement is breached and an action proceeded to judgment.

5

9.      Enforcement as Judgment:   In the event a Party breaches the terms and conditions of this Agreement, prior to dismissal of the Action, the parties consent to the jurisdiction of the United States District Court Northern District of California to enforce this Agreement.   If a Party breaches this Agreement after dismissal of the Action has occurred, the other Party may enforce the Agreement through any available means, including without limitation, pursuant to the provisions of Code of Civil Procedure §664.6, (which the parties agree shall govern this Agreement) whether by motion or otherwise.   The Parties agree that the San Francisco County Superior Court has jurisdiction to enforce the terms of this settlement against any person or party signing this Agreement.   In the event such a motion, action or proceeding is necessary, the prevailing Party shall be entitled to an award of reasonable attorneys' fees and costs in connection with the making of the motion.

10.      Integration:   This Agreement constitutes the entire Settlement Agreement among the Parties.   The Parties agree that this Agreement may not be altered, amended, modified or otherwise changed except by a writing executed by the Parties to it.   The Parties further agree that because each Party has been active in the preparation and negotiation of the terms of this Agreement, it shall not be construed against any Party in the event of any dispute as to the meaning of its terms.

11.      Successors and Assigns:   All covenants and agreements herein shall bind and inure to the benefit of the parties' respective successors, assigns, heirs, representatives, board members, agents, employees, transferees, directors, officers, attorneys, principals, parent companies, affiliates, partners, members and joint ventures of the parties hereto.

12.      Neutral Construction:   The Parties hereto agree that this Agreement will be interpreted neutrally, and that it should not be construed for or against any Party deemed to be the drafter thereof.   The Parties specifically agree that no prior versions or drafts of this Agreement shall be relevant or admissible to interpret or construe the scope of the Agreement.

13.      California Law Applies:   This Agreement shall be deemed to have been entered into in the State of California, and all questions concerning the validity, interpretation, or performance of any of its terms or provisions, or of any rights or obligations related to this Agreement of the Parties hereto, shall be governed and resolved in accordance with the laws of the State of California.

14.      Severability:   In the event that, at any time after the execution of this Agreement, any portion or provision of it is found to be illegal, invalid, unenforceable, non-binding, or otherwise without legal force or effect, the remaining portion(s) will remain in force and be fully binding.

15.      Execution:   This Agreement may be executed in counterparts by the Parties, each of which shall be deemed an original, and shall be valid and binding on each

6

Party as if fully executed in one copy.  Facsimile or .pdf signatures are sufficient to bind the Parties hereto until receipt of original signatures.

Dated:  January ___7___, 2014

**C.E. Toland & Son, a California corporation**

By: _____
            Blake Toland, CEO/President

Dated:  January _____, 2014

**Webcor Construction, LP d/b/a Webcor Builders, a California limited partnership**

By: _____
            Matt Rossie, Vice President

Dated:  January _____, 2014

**Tecnoglass, S.A., a Columbian corporation**

By: _____

Printed _____

Title _____

Dated:  January _____, 2014

**Moos Distribution, Inc. d/b/a Sadev USA, an Iowa corporation**

By: _____
            Joseph D. Hendrickson, General Manager

Dated:  January _____, 2014

**Safeco Insurance Company of America**

By: _____
            Jason Stonefeld, Senior Claims Counsel

7

Party as if fully executed in one copy.  Facsimile or .pdf signatures are sufficient to bind the Parties hereto until receipt of original signatures.

Dated:  January _____, 2014          **C.E. Toland & Son, a California corporation**

By: _____
                Blake Toland, CEO/President

Dated:  January _____, 2014          **Webcor Construction, LP d/b/a Webcor Builders, a California limited partnership**

By: _____
                Matt Rossie, Vice President

Dated:  January _____, 2014          **Tecnoglass, S.A., a Columbian corporation**

By: _____

Printed _____

Title _____

Dated:  January ___3___, 2014          **Moos Distribution, Inc. d/b/a Sadev USA, an Iowa corporation**

By: _____
                Joseph D. Hendrickson, General Manager

Dated:  January _____, 2014          **Safeco Insurance Company of America**

By: _____
                Jason Stonefeld, Senior Claims Counsel

7

Party as if fully executed in one copy.  Facsimile or .pdf signatures are sufficient to bind the Parties hereto until receipt of original signatures.

Dated:  January _____, 2014                  **C.E. Toland & Son, a California corporation**


By: _____
                              Blake Toland, CEO/President


Dated:  January _____, 2014                  **Webcor Construction, LP d/b/a Webcor Builders, a California limited partnership**


By: _____
                              Matt Rossie, Vice President


Dated:  January  15 , 2014                     **Tecnoglass, S.A., a Columbian corporation**

By: _____

Printed  *Carlos Amin*

Title  *VP Sales*


Dated:  January _____, 2014                  **Moos Distribution, Inc. d/b/a Sadev USA, an Iowa corporation**


By: _____
                              Joseph D. Hendrickson, General Manager

Dated:  January _____, 2014                  **Safeco Insurance Company of America**


By: _____
                              Jason Stonefeld, Senior Claims Counsel


7

Party as if fully executed in one copy.  Facsimile or .pdf signatures are sufficient to bind the Parties hereto until receipt of original signatures.

Dated:  January _____, 2014

**C.E. Toland & Son, a California corporation**

By: _____
       Blake Toland, CEO/President

Dated:  January _10_, 2014

**Webcor Construction, LP d/b/a Webcor Builders, a California limited partnership**

By: _____
       Matt Rossie, Vice President

Dated:  January _____, 2014

**Tecnoglass, S.A., a Columbian corporation**

By: _____

Printed _____

Title _____

Dated:  January _____, 2014

**Moos Distribution, Inc. d/b/a Sadev USA, an Iowa corporation**

By: _____
       Joseph D. Hendrickson, General Manager

Dated:  January _____, 2014

**Safeco Insurance Company of America**

By: _____
       Jason Stonefeld, Senior Claims Counsel

7

Party as if fully executed in one copy. Facsimile or .pdf signatures are sufficient to bind the Parties hereto until receipt of original signatures.

Dated: January _____, 2014      **C.E. Toland & Son, a California corporation**

By: _____
           Blake Toland, CEO/President

Dated: January _____, 2014      **Webcor Construction, LP d/b/a Webcor Builders, a California limited partnership**

By: _____
           Matt Rossie, Vice President

Dated: January _____, 2014      **Tecnoglass, S.A., a Columbian corporation**

By: _____

Printed _____

Title _____

Dated: January _____, 2014      **Moos Distribution, Inc. d/b/a Sadev USA, an Iowa corporation**

By: _____
           Joseph D. Hendrickson, General Manager

Dated: January 13, 2014      **Safeco Insurance Company of America**

By: _____
           ~~Jason Stonefeld, Senior Claims Counsel~~
           LUIS ARAGON, AUTHORIZED REP.

7

Dated:  January __13__, 2014        **Insurance Company of the State of Pennsylvania**

By: _____
        James Murphy, Authorized Representative

Dated:  January __10__, 2014        **Fidelity and Deposit Company of Maryland**

By: _____
        Patricia R. Peterson, Claims Counsel

8